THE STATE, PETER H. GULICK, PROSECUTOR, v. SAMUEL GROENDYKE ET AL.

1. On *certiorari* to township officers, proceeding under the road act, to remove alleged encroachments on a public highway, this court will look into the facts, and reverse or affirm according to the justice of the case.   (*Rev.*, 1874, *p.* 50, § 9.)
2. Where a highway has been mislocated, an abutting land-owner, who has acquiesced over twenty years, cannot move his fence and narrow the road used by the public.

On *certiorari* to Samuel Groendyke, overseer of the highways of District No. 23, in the county of Middlesex, and James Higgins and Richard McDowell, two justices of the peace, and Abraham J. Selover and Charles D. Perrine, two surveyors of the highways of said county, to certify a certain determination concerning encroachments upon a highway running through lands of Peter H. Gulick and others.

Argued at February Term, 1875, before Justices WOOD-HULL, VAN SYCKEL and SCUDDER.

For the prosecutors, *W. Y. Johnson* and *J. F. Hageman.*

The opinion of the court was delivered by

SCUDDER, J.   In this case no testimony was taken on the part of the defendants, while the depositions of the practical surveyor, the prosecutor, and others, show that there has been

no encroachment by the prosecutor by running his fence in over the line of the highway. All say that the encroachment has been made by the changes of the fences of the opposite land-owners or occupants, who have removed their fences, at different points, from four to seven feet. About fifteen years ago, they say, Mr. Gulick moved his fence in some eight or ten feet, to clear out a hedge, and, while it thus stood back, his neighbors on the opposite side encroached, and when he moved his fence back to where it had formerly stood, complaint was made, and the overseer of the highways proceeded, under section 32 of the road act, to determine the encroachment. As it was known he had changed his fence, the surveyors and justices found against him. They acted without a survey or examination, beyond some information obtained from persons on the spot, and may have been misinformed. There is no provision in the statute for taking testimony in such cases, and they are usually decided in a summary way by inspection.

The practical location of old highways is constantly becoming more important as lands and improvements increase in value, and a more careful examination and determination would seem to be needed.

This court will look into the facts upon which such determination is founded, under the authority given by statute, (*Rev.*, 1874, *p.* 50, § 9,) and reverse or affirm the same, according to the justice of the case. The evident purpose of the legislature has been to enlarge the jurisdiction of this court, where extraordinary authority has been given to special tribunals to settle rights of property. This has been found necessary by the wrongs which were done in some cases by informal tribunals proceeding without the orderly and careful method of courts of law. Hasty and inconsiderate exercise of the great powers given to individuals called from their ordinary business to become judges of the rights of others, should certainly be subjected to the review of some court, both as to the law and the facts. This is now the declared

intent of our law, and the statute giving such review will be liberally construed.

*Craft* v. *Smith*, 6 *Vroom* 302, decided that section 2 of the act of April 6th, 1871, relative to the writ of *certiorari*, enabling this court to determine disputed questions of fact, did not apply to the justices' courts, or courts of common pleas ; but, under that statute, and under the later revision of 1874, the practice has been constant to examine and determine questions of fact, upon *certiorari*, in all cases of local and public improvements. This authority extends to a case like the present, where two justices of the peace and two surveyors of the highways, upon the application of an overseer of the roads, are called upon in a summary way to say whose land must be taken for the removal of an alleged encroachment on a public highway, whose fences or hedges must be taken down, or whose buildings removed. These are too important rights to be settled by a mere inspection of the premises, without an appeal from the judgment of these officers upon the facts of their finding.

This review has, therefore, been given in all similar cases by the terms of this act, which enacts, that in all cases of *certiorari* brought to remove any tax or assessment, or other order or proceeding touching any local or public improvement, it shall be the duty of the court to determine disputed questions of fact as well as of law, &c., and to reverse or affirm, in the whole or part, such tax, assessment, or other order or proceeding, according to the justice of the case. The language used, " other order or proceeding touching any local or public improvement," is broad and comprehensive. The words, " touching any local or public improvement," have been added to the terms used in the act of 1871, but they do not alter the construction of the statute, which it was before understood had this limitation. In construing the language of this statute, its application to this case is clear. A public highway is a public improvement. A proceeding to remove alleged encroachments from a highway, is a proceeding touching a public improvement. Hence we have not hesitated in

saying that the facts in this case show that the prosecutor has not encroached, and his lands have been unjustly condemned and taken.

How it may appear when other facts are shown by the public officers who have acted in this matter, if they should proceed again, is another question. The case has been decided upon the facts now presented, by which it appears that the prosecutor has not encroached.

It has been suggested that these proceedings are the exercise of merely a police power, used in an emergency to prevent the interruption of public rights. This can hardly be claimed in a case like the present, where the road is only narrowed, leaving ample room for the passage of vehicles, and where the true location of the road is the subject of controversy. The prosecutor is entitled to relief if his lands are wrongfully appropriated to public use; if he were a mere trespasser upon the public highway, his case would be different.

This road has evidently been mislocated to the prejudice of the public.

It was laid by surveyors of the highways, October 15th, 1798, and the course through these lands ran straight from Devil's Brook, where Richard Lake's and Vannest Hulick's corner is on said brook, on the line between their lands north two degrees east, eighty-four chains, to the lands of Daniel Baylis, &c. On the line between these lands, where the centre of the road was laid, there was a hedge, and, in order to avoid this hedge, each of the opposite land-owners took the whole road, two rods wide, upon his land for one-half the distance, thus making two short bends in the highway where it crossed the hedge. It appears that the hedge has now almost disappeared, and this crooked road has become the subject of controversy between neighbors.

The alleged encroachment charged against the prosecutor, Mr. Gulick, is clearly not within the limits of the laid out road, for the highway as opened and used is, at these points, all on his lands, two rods wide. At the worst, he has en-

Gulick v. Groendyke.

croached on this substituted road. He would, however, have no right to narrow this highway, after it has been opened and used by the public for more than seventy years. He is concluded by this long acquiescence in the public user. *Holmes* v. *Jersey City*, 1 *Beas.* 299.

Whether the public may not abandon this crooked road and open the highway according to the original return and survey, and whether, upon such abandonment, the prosecutor, as owner, would not be restored to the original dominion over his land, not included within the laid out road, disencumbered of the public use, are questions not raised in the present proceedings.

It is enough now for the court to say, that the prosecutor will not be permitted to encroach upon the old highway, which the public have so long enjoyed, and that, by the depositions, it does not appear that he has thus encroached.

The determination of the said justices and surveyors is, therefore, set aside and annulled.